EX PARTE RAMOS ET AL., APPELLANTS.

APPEAL from the District Court of Guayama.

No. 846.—Decided February 27, 1913.

PARTITION OF INHERITANCE—HEIRS—INCOMPATIBILITY—WIDOW OF TESTATOR.— Where there are several heirs the widow of the testator, according to section 1024 of the Revised Civil Code, cannot be appointed partitioner of the estate because the trust is incompatible with her character of heir.

ID.—TESTAMENTARY EXECUTORS.—In accordance with the provisions of section 876 of the Revised Civil Code, the capacity of testamentary executor does not in itself confer competency to partition the estate.

ID.—PARTITIONERS—HEIRS.—Section 1025 construed in connection with section 885 of the Revised Civil Code does not empower heirs to distribute the estate when any one of the partitioners named by the testator is competent to effect the partition and has accepted the trust.

The facts are stated in the opinion.

*Messrs. López Landrón, Rincón* and *Francis* for appellants.

*Mr. Tomás Bernardini de la Huerta* for Angelina Virella.

*Mr. Manuel A. Martínez* for the intervenor, Martina Rodríguez.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a decree of the District Court of Guayama refusing to approve certain proceedings for the division of the estate left by Federico E. Virella y Plaud.

It appears from an examination of said proceedings that Virella y Plaud executed a will before a notary on September 21, 1907; that he died leaving said will effective on September

5, 1910; that he designated his son, Federico Virella y Ramos, as his universal heir together with his wife, Esperanza Ramos, the latter in the proportion provided for by law; that he bequeathed several properties to his mother, Irene Plaud, and to his sister, Angelina Virella y Plaud; that he made provisions prohibiting the heirs from applying to the courts for the partition of the inheritance and appointed as his executors his neighbor, Marcos S. Basora, his wife, Esperanza Ramos, and his sister, Angelina Virella y Plaud, giving them power *in solidum* to make the inventory, appraisement, liquidation and division of his estate, or to appoint by mutual consent a commissioner to perform such functions.

The head-lines of said proceedings read as follows:

"Plan for the partition of the estate left by Federico Eustaquio Virella y Plaud, late property owner, native and resident of the town of Arroyo of this Island, which I, Esperanza Ramos Antonini as his widow, executrix and commissioner with powers *in solidum* as vested in me by the third clause of his will, prepare according to the best of my knowledge and understanding, for the purpose of submitting the same to the approval of the court, the interested parties having intervened and consented thereto and the report of the expert appraisers having been received."

At the foot of said proceedings there appears, in addition to the signature of Esperanza Ramos, that of Juan Inés Ramos, appointed defensor of the minor heir of Virella y Plaud.

After the plan had been prepared it was submitted to the court by a motion filed by Esperanza Ramos and Juan Inés Ramos, the latter in his capacity of defensor of the minor heir; and a day having been set for the hearing there appeared and made opposition to the approval thereof the legatee, Angelina Virella, and some minors, who alleged that they had filed an action in the same court praying that they be declared the acknowledged natural children of the deceased Virella y Plaud. The court took the case under advisement and finally rendered a decision refusing to grant the prayer of the petitioners, and it is from that decision of the court, ren-

dered on February 20, 1912, from which, as we have already stated, the present appeal was taken.

The decision appealed from was based on the grounds that the court had previously denied a petition by Esperanza Ramos asking that she be appointed the judicial administratrix of the estate left by Virella y Plaud; that it had already issued testamentary letters to two of the executors, Marcos S. Basora and Angelina Virella, appointed by Virella y Plaud in his will and who had taken an oath to discharge well and faithfully the duties incumbent upon them; that the testator had made provisions in his will prohibiting application to the courts for the partition of the inheritance and that the procedure adopted by the executors who asked for testamentary letters seemed to be more in harmony with the will of the testator than that followed by Esperanza Ramos.

The appeal is founded upon several grounds, and we have been unable to deduce with clearness from the brief of the appellants the exact theory upon which they base their contentions, for on the one hand it seems that they maintain that Esperanza Ramos has full power as executrix and individual commissioner to make the partition alone, and on the other hand they seem to allege that Esperanza Ramos did not make any use of that power and that it should be understood that the partition was made by the heirs in accordance with the provisions of section 885 of the Revised Civil Code.

Let us first see whether Esperanza Ramos could be appointed and act as executrix and individual commissioner in this case. Section 876 of the Revised Civil Code sets forth what are the powers of executors where the testator has not specially determined them. That of making a partition of the inheritance is not one of them, and therefore in order that an executor may have such power it is necessary that the testator specially vest it in him. That is what was done in this case, but could the testator give this power to an heir, as is the case here? Section 1024 of the Revised Civil Code, the same as 1057 of the Spanish Civil Code, provides that the testator may,

by an act *inter vivos* or *causa mortis,* entrust the mere power of making the division after his death to any person *who is not one of the coheirs.*

Commenting upon this legal provision Manresa states:

"It was the belief of the legislators that the partitioner above everything else should be free from all suspicion of partiality; for that reason, notwithstanding the almost absolute liberty granted the testator in respect to his property and however great might be the confidence merited by any of the heirs, they did not consent that any of said heirs, being interested parties, should make the division * * *. As regards heirs-at-law, the surviving spouse must be included among them even though his share may be of a usufructuary nature only. It is enough that he be an heir, according to article 807, in order to be included in the prohibition, as held by the General Directorate of Registries on November 12, 1895, and in the judgment of the Supreme Court of June 30, 1898." 7 Manresa's Commentaries on the Civil Code, 614, 615.

Therefore, there is no ground for doubt that if Esperanza Ramos prepared the plan of partition as executrix and commissioner, as the heading of the plan seems to indicate, the judge of the court below was right in not approving it inasmuch as Esperanza Ramos cannot be recognized in that character in view of the fact that her appointment was made in violation of the provisions of the law.

Let us see whether the circumstances attending this case show that section 885 of the Civil Code is applicable here. It reads as follows:

"In the cases of the foregoing section, and in case the executor has not accepted the office, the execution of the will of the testator shall devolve upon the heirs."

Section 884 says:

"Executorship terminates by the death, incapacity, renunciation, or removal of the executor, and by the lapse of the term fixed by the testator, by law, and, in a proper case, by the persons interested."

In the case at bar it has not been shown that the executorship of Marcos S. Basora, for instance, who was also appointed in the will and is seemingly a person without any interest in the inheritance, has terminated. On the contrary, one of the grounds given by the court for the decision appealed from is that the said executor, Basora, had accepted his office, had taken an oath to discharge faithfully the same and had asked for and obtained a testamentary letter crediting his authority in accordance with law.

This being the case, and it not having been shown that the partition cannot be made by the executors or by any of them appointed severally by the testator, even section 885 has no application.

Commenting upon section 911 of the Spanish Civil Code, which is exactly the same as 885 of our Revised Civil Code, Manresa says:

"This section determines the consequences following the termination of the testamentary executorship. In order that it may have application it is necessary that none of the executors appointed by the testator exist, whatever may be the cause therefor. In the absence of testamentary executors the execution of the will of the testator shall devolve upon the heirs; such is the doctrine of section 911." 6 Manresa's Commentaries on the Civil Code, 783.

In view of the fact that section 885 is included in the chapter of the code which treats exclusively of executors, and as we have seen that their powers as such executors, where said powers have not been specified by the testator, do not extend to the partition of the inheritance, it would be profitable to cite here section 1025 of the Revised Civil Code which forms part of the provisions of the code relating exclusively to the partition of inheritances and is inspired by the same principle as that of said section 885. Section 1025 reads as follows:

"Should the testator not have made any division, nor entrusted this power to another, if the heirs should be of age and should have the

free administration of their property, they may distribute the estate in the manner they may see fit."

And commenting upon section 1058 of the Spanish Civil Code, which is exactly the same as section 1025 of our Revised Civil Code, Manresa says that "*   *   * as may be inferred from its terms, the heirs cannot themselves make the partition when it has been made by the testator himself, or where the latter has appointed one or several persons to do so." 7 Manresa's Commentaries on the Civil Code, 634.

Both sections, 885 and 1025, are based upon the well-established principles that the will of the testator is the law in matters of succession.

Therefore, examining the question submitted to us under any of its aspects the conclusion follows necessarily that the appellants have no merits upon which to found their appeal and that the same should be dismissed and the decision appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.